BENNINGTON,
*February*,
1833.

Blackmer
*vs.*
Blackmer.

---

## LEACH & WALKER vs. WALTER J. SHEPARD.

That a charge of 2088 pounds of wool may be recovered in an action on book account, if sold and delivered, and the object of the action is to recover the just value of the wool.

That, when a report of auditors, is set aside by reason of their neglect to report copies of the account of the parties, and the cause is recommitted to the same auditors, their refusing to go into evidence upon the whole merits, furnishes no reason for rejecting their report a second time.

That the auditors may hear new matter on recommitment of their report, and ought to do so in a case where justice plainly requires it; as where evidence is adduced, not before in the power of the party.

BENNINGTON,
*February*,
1833.

This cause came up from the County Court on exceptions to their decision on the reports of auditors. In their first report, the auditors find a balance in favor of the plaintiffs of $369,18. Their report so far as relates to any point now litigated, proceeds as follows.

" And the auditors further report, that, about the 26th day of December 1825, the plaintiffs, having the quantity of wool, mentioned in their account, proposed to sell the same to the defendant, and various proposals were made

Leach & al
vs.
Shepard.

concerning it, by both parties. At length they agreed that the defendant should buy the wool of the plaintiffs; and the same was delivered to him. There were terms made, and an election given to the plaintiffs, but, whether the plaintiffs were to receive fifty cents per pound for the wool, or had the liberty to choose, if they thought fit to take a certain risk of the market price, or were to choose between fifty cents per pound and a certain risk of the market price, is *uncertain*. But the election, whatever it was, was to have been made by the plaintiffs at the time of delivery; which was a few days after the sale. The wool was delivered to the defendant at the time agreed on, but no election of any kind was made.

The plaintiffs charged the wool, amounting to 2088 lbs. on book, soon after the delivery, having minuted it on a slip of paper, at the time of delivery. The defendant transported the wool to Boston, where it was sold by his direction. And, it being uncertain what the terms of sale were, so far as the price was concerned, as above stated, the auditors regard it as a sale without any price agreed upon; and have therefore allowed what they found the wool to be worth."

On trial of the foregoing case before the auditors, the defendant objected to the plaintiffs' testifying, and contended, that the action on book, would not lie. The auditors overruled the objection, and decided that the action would lie, and proceeded to take the testimony of the parties, as stated in the foregoing report.

The defendant filed sundry exceptions to this report, in the County Court; and, on one of them, to wit, that the auditors had not returned a copy of the defendants account, the report was recommitted to the same auditors. At a subsequent term they made the following report, to wit:

" In pursuance of the foregoing rule, and having notified the parties to meet at the place fixed, in the foregoing notice, and they being present, by *themselves* and counsel the defendant exhibited the account hereunto annexed, against the plaintiff; which is a transcript of the same account, exhibited by him, and passed upon by us, on the former hearing before us; and desired of us, that the cause should be opened for a rehearing on the merits; and we

declined so doing. We further report, that the items of the defendants account, hereunto annexed, marked A. were allowed by us; and the items marked B. were disallowed by us, on the full hearing of the cause. We further re- port, that the amount of our report, as the balance due the plaintiff, ought to be reduced twenty dollars and one cent; there having been a mistake in the computation of that *sum*. We further report, that on hearing, it appeared, that the charge of the wool was made in fact on the private book of said Walker, as an account due the plaintiff."

The defendant filed exceptions to this supplemental report, also; and the County Court affirmed the report, and rendered judgement for the plaintiff. The exceptions to both reports sufficiently appear in the argument of counsel, and the opinion of the Court.

*Argument for defendant.*—On the part of the defendant, it is insisted, that, from the facts stated in the report, the book action cannot be sustained.

The general rule, that this action lies for goods sold, services rendered, &c., *in the ordinary course of business*; does not reach this case. Sw. Dig. 583.

The report shows *manifestly*, nothing more than a claim for *damages for a breach of a special undertaking*.

The right to charge on book, did not exist at the time of delivery; because the agreement was then subject to a contingency. Sw. Dig. 583; 1 Aiken. Rep. 74, *Slason* vs. *Davis*.

From all the facts, it is manifest, that this action has been resorted to for the purpose of making the plaintiffs witnesses. Sw. Dig. 528, 583.

Although the book action has been extended in this State, manifestly further than in any other, it is believed, the present case claims an indulgence for the plaintiffs, which no adjudication will warrant, and obviously without the letter or spirit of our statute.

*Again.* The auditors expressly say, there were *terms and conditions* to the contract; that the plaintiffs probably agreed to take a risk in the market. And, because the creditors are unable to determine with certainty what the conditions were, they conclude to call *it* what they ex-

BENNINGTON,
February,
1833.

Leach & al
vs.
Shepard.

pressly say it was not; "*that is*" a sale for what it was worth.

The facts found are perfectly consistent with the truth, that the defendant was the mere agent of the plaintiffs.

Wherever damages are claimed for breach of a special undertaking, the suit must be predicated upon such special agreement.

2d. Could this action be maintained, it is believed, this report should be rejected. This case was returned to the auditors, April Term 1830, by order of the County Court ; but for what purpose does not appear from the order, or from the rule, or notice. Nor does it appear when, or where, nor to whom they were to report. It is believed, the auditors mistook their duty in refusing to hear the case on its merits, when the defendant appeared for that purpose.

Our statute contemplates but one purpose for which cases are sent to auditors ; that is, to audit the account ; and where is the power of the Court to shackle or restrict, the auditors in the exercise of their legitimate powers? and where do the auditors find their powers to open a case, alter their report in the amount, and amend it in other particulars without the sanction of an oath to their proceedings, and yet refuse to do the only act, they are empowered by law do ?

The grossest injustice is done, wherever triers presume to exercise improper jurisdiction, or practice upon abitrary rules, not warranted by the settled rules of law.

*Argument for the plaintiff.*—1st. It is not perceived, why the article is not a proper one to be charged on book ; nor why 2,000 lbs. may not be charged as well as 200 lbs. or 20 lbs ; nor is it perceived, why the charge being in one item only, can make any difference. It is the character of the article, charged, and not its value which controls in this respect. Brayt. 39, *Fields, Gates & Co.* vs. *Sawyer.*

2d. The auditors, having decided, that the charge was a proper book charge, admitted the parties to their oaths, and heard their testimony, and their other proofs, and from the evidence, found a sale of the property by the plaintiff to the defendant. This was a fact for the auditors to pass

BENNINGTON,
*February,*
1833.

Leach & al
*vs.*
Shepard.

upon; and this fact being found by them, it is not for this Court to determine, whether they decided right or wrong. But, from the evidence, they did not find, that any specific price was agreed on by the parties. They therefore found that the defendant was to pay what the article was reasonably worth. This was the correct, legal, inference, (2 Bl. Com. 443.) and did justice between the parties.

The report goes on to state, that certain proposals in regard to the price, were made between the parties. But what those proposals precisely were, is uncertain. But, notwithstanding this uncertainty, they find a sale. Still it is not perceived where, in this, they have mistaken in point of law.

This part of the report is nothing more nor less, than a statement of the *difficulties arising on the facts.*

Still, notwithstanding these difficulties on the facts, they find a sale, and for a price uncertain; and, from the whole matter, infer, that the defendant was to pay the just value of the wool. We insist, that was the legal, and the only inference to be drawn in the case.

3d. It is further complained, that the auditors refused, on the second meeting, to open the case for a hearing on the merits, though requested.

In answer, it may be said, that their report had never been set aside; but was simply recommitted. The object of the recommitment, undoubtedly, was, to enable the auditors to append to their report the account of the defendant, which they had no doubt by accident, omitted to do; and which omission was made the ground of exceptions. The auditors being satisfied with the report, so far as the merits of the case were concerned, declined a second hearing. This we claim, they were not bound to grant, as a matter of right, and therefore that in this report, they did not err in point of law.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—The first exception to the report of the Auditors, raises a question, which goes to the whole action. The plaintiff's account consists of one item only, and that a pretty large one; being for 2088 pounds of wool—amounting to several hundred dollars. Whether

BENNINGTON,
  *February*,
    1833.

Leach & al
   *vs.*
 Shepard.

this charge can be recovered in this form of action, must depend upon the facts found and reported. It does not seem practicable to decide as to the form of the action, merely from the magnitude or value of the article charged. While the ordinary deal between A and B may comprise articles of a small quantity, and of a few cents value only, that between C and D may be a wholesale deal, and of a value extending to hundreds of dollars. Nor, in this respect, does it make any difference, whether the charge be 2088 pounds of wool, or the fleeces be charged separately, as delivered at the same time. The weight of evidence may be assisted by particularity; but it need not affect the form of action.

There is such an infinite variety in the trading transactions among mankind, the distinction between what may, and what may not, be litigated in the book action, must be drawn from the character, not the amount of the deal. Where the claim is, to recover for property sold and delivered, and to recover its fair value, there appears no very weighty objection to recover in this form of action. It is urged, that it lets the party in as a witness, which is improper in such large claims. It does let in the party as a witness; but it lets in both parties to the same point.— The testimony of one may neutralize that of the other; or may be fully confirmed by the silence of the other, when called upon to testify. It is not a matter of course to allow a charge on book, whether large or small, because the party swears to it. His testimony must be weighed in connection with all other testimony on both sides; and will be affected one way or the other by the regularity of his books of account, or the want of such regularity. Nor will it change the form of action, that the price charged, was agreed upon by the parties. That is good evidence of its fair value. But the claim must be for the value of property sold and delivered, or of services done and performed. It must not be a mere claim for damage for not performing some special contract, nor for compensation for a tort committed.

If we understand the defendant's counsel, they scarcely deny there being a sale of the wool. They say, there were

terms and conditions, and and some risk on the plaintiffs about the price that would be realized in market. These things, if proved, would have a bearing upon the price.— But this part of the defendant's argument, does not seem well sustained by the facts reported by the Auditors. They report a contract, that the defendant should buy the wool of the plaintiffs, and that it was delivered at the time agreed on. This amounts to an absolute sale of the wool. They also report a minute made at the time of delivery, and that the same, shortly afterwards, was charged on book. But they also report, that certain terms and conditions were agreed upon, and speak about a choice left to the plaintiffs about retaining some risk about the market price. Two reasons are apparent, why this should not affect the decision of the cause. 1st, The Auditors not only have not reported what these terms and conditions were, but they have reported it to be uncertain what they were. Probably the testimony was too indefinite, or too contradictory, for any result to be drawn. What, then, should be the effect of this upon the action? Plainly, the party who would wish to derive benefit from these terms and conditions, & a power of choice, &c. fails to prove what he relies upon. Hence he derives no benefit from it.

2d, The Auditors have reported, that, whatever election should be made among those terms and conditions, was to be made at the time of the delivery of the wool, which was a few days after the contract of sale. It not appearing that any election was made at said time of delivery, it must stand as a general sale. Indeed, in all cases of a sale and delivery, the law attaches to the person who purchases and receives the property, a liability to pay for the same according to its fair value, and that within a reasonable time.— And, if the purchaser is disposed to contend for any thing different from this, the burden of proof is on him, to show something that will lay the foundation for a different result In this case, the Auditors have found a sale and delivery of the wool; and the defendant has failed to prove before them any fact, varying the liability which the law attaches to such sale and delivery.

There appears less importance in another principle,

now presented. The Auditors, to their first report, attached a copy of the plaintiffs' account, but none of the defendant's. For this neglect, the report was recommitted. They have attached a copy of this to their second report, stating which items they have allowed, and which they have disallowed; and have added, that this is but the transcript of the same account exhibited and adjudicated upon, at the making of their first report. They have also reported the correction of a mistake in computation in making their first report, of about twenty dollars. The defendant's counsel raise no objection to all this; but they complain, that the defendant, at the last meeting of the auditors, was denied a hearing upon the whole merits of the case. This we must understand to mean a rehearing upon the whole merits, heard at the first trial, and presented in the first report. The rule of recommitment does not define what the Anditors were further to do; but they drew a just inference, when they decided to do what they before had left undone, and for the not doing of which the cause was recommitted. They were under no obligation to go over the whole ground again, and report anew upon the whole testimony. Nevertheless, if important new testimony was presented, not in the power of the party at the first hearing, they ought to have listened to this, and let it produce a just effect upon the cause. But there is no pretence that any such new testimony was offered before the Auditors.

Upon the whole, we consider, there is no error in the judgement, rendered by the County Court, upon the reports of the Auditors, and their judgement is affirmed.

*Smith & Sargeant*, for the defendant.

*Bennett & Aiken*, for the plaintiffs.